Slip Op. 06-16

# UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                  :

FRANK GRUNERT,                  :

                                :

           Plaintiff,          :

                                :

          v.               :     **Before: MUSGRAVE, Judge**

                                :     Court No. 05-00113

UNITED STATES SECRETARY OF     :

AGRICULTURE,             :

                                :

          Defendant.      :

_____:

## MEMORANDUM ORDER

Frank Grunert, _pro se_, for the plaintiff.

_Peter D. Keisler_, Assistant Attorney General; _David M. Cohen_, Director, _Patricia M. McCarthy_, Assistant Director, United States Department of Justice, Civil Division, Commercial Litigation Branch (_Delfa Castillo_); Jeffrey Kahn, Office of the General Counsel, United States Department of Agriculture, of counsel, for the defendant.

On February 16, 2005, plaintiff filed a complaint requesting judicial review of the United States Department of Agriculture's determination denying him certification for Trade Adjustment Assistance benefits. On March 9, 2005, the clerk's office mailed plaintiff a letter acknowledging receipt of the complaint and advising plaintiff of the specific steps required to maintain an action in this Court. On May 11, 2005, defendant filed an answer to the complaint.

On July 20, 2005, the Court sent each party a letter requesting that they confer and submit a proposed scheduling order that would govern the timing of various proceedings. On August 8, 2005, defendant filed a consent motion for an extension of time to file the proposed scheduling order. Defendant explained that the extension was necessary because plaintiff

> advised . . . that he would soon would be requesting the Court to appoint an attorney
> for him. He agreed that an extension of time of approximately 60 days within which

to file a status report and proposed scheduling order with the Court was desirable to allow him to attempt to obtain an attorney. On August 5, 2005, . . . [the] Case Management Supervisor at the Court[] confirmed that a 60-day time period would be an appropriate length of time to provide a plaintiff with the necessary forms for seeking a court-appointed attorney and to process the forms when completed.

Defendant's Consent Motion for an Enlargement of Time in Which a Joint Status Report and Proposed Scheduling Order May be Filed at 1–2. The Court granted this motion and ordered the parties to file the status report and proposed scheduling order by October 11, 2005.

On October 11, 2005, defendant filed a proposed scheduling order. The proposed order included provisions for either dismissing the action in its entirety or proceeding with briefing. Defendant explained that it had been unable to receive plaintiff's consent to the proposed order because

[a]s at times in the past, during the week of October 3, 2005, our efforts to communicate with Mr. Grunert, by telephone were hampered by his apparent lack of an answering machine, and because we have been communicating with Mr. Grunert through his wife. On October 11, 2005, we also failed to communicate directly with Mr. Grunert, although it appeared that Mrs. Grunert was speaking with him while we were on the telephone. It was Mrs. Grunnert's [sic] impression that Mr. Grunert had asked us to dismiss this case for him. We informed Mrs. Grunert that her husband had not communicated with us, and we urged her to request Mr. Grunert to telephone us for purposes of conferring on a briefing schedule or to discuss dismissal. As of the filing of this motion, we have not heard from Mr. Grunert. As a courtesy, we will be sending Mr. Grunert a stipulation of dismissal shortly.

Defendant's Proposed Briefing Schedule at 1–2. Because it was hoped that plaintiff would overcome his communication difficulties and consult directly with defendant, the Court took no immediate action on defendant's proposed order.

On January 5, 2006, the Court requested that defendant provide a status report. Specifically, the Court requested that defendant attempt to contact plaintiff in order to ascertain how (or if)

plaintiff wished to proceed. On January 9, 2006, counsel for the defendant presented a report. Counsel reported that, although she had been unable to contact plaintiff during normal business hours, she had been able to contact plaintiff's wife over the weekend. Counsel reported that during the course of her conversation with plaintiff's wife, counsel understood that plaintiff was hesitant about going forward with the action because he could not retain a lawyer. Counsel further reported that she explained to plaintiff's wife that the Court could assign counsel to plaintiff and outlined the steps necessary to do so. Counsel reported that she understood plaintiff would follow the suggested course of action and contact the Court in order to begin the process. To date plaintiff has not contacted the Court and, thus, the time for definitive action in this matter is nigh. *See*, *e.g.*, *Burton v. United States Sec'y of Agric.*, 27 CIT __, __, Slip Op. 05-125 at 3 (Sept. 14, 2005) (dismissing case and noting plaintiff "might have availed herself of the proffered assistance of the clerk's office to obtain legal representation *in forma pauperis* . . . ."). Therefore, the parties are

**ORDERED** to show cause, if there be any, by February 27, 2006, why this action should not be dismissed for lack of prosecution pursuant to USCIT R. 41(b)(3) of the Rules of this Court.

/s/ R. Kenton Musgrave
R. KENTON MUSGRAVE, JUDGE

Dated:     January 26, 2006
            New York, New York